UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, et al.,

Plaintiffs,

v.

KOHLER CO.,

Defendant.

Case No. 20-cv-00683-PJH

**ORDER GRANTING MOTIONS TO ENTER CONSENT DECREES**

Re: Dkt. Nos. 12, 13

Before the court is plaintiffs The United States of America, on behalf of the United States Environmental Protection Agency ("EPA") and the People of the State of California by and through the California Air Resources Board's ("CARB" and, together with EPA, "plaintiffs") motion to enter consent decree. Also before the court is plaintiff CARB's motion to enter consent decree. The motions are unopposed. The matters are fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS both motions for the following reasons.

**BACKGROUND**

On January 30, 2020, plaintiffs EPA and CARB filed a complaint ("Compl.") against defendant Kohler Co. ("Kohler" or "defendant") alleging violations of various provisions of the federal Clean Air Act, 42 U.S.C. §§ 7533–24, 7547(d); regulations codified at 40 C.F.R. parts 90, 1054, 1065, and 1068; various provisions of the California Health and Safety Code sections 43016–17, 43154; and regulations codified at 13 California Code of Regulations sections 2400 et seq., 2407 et seq., 2408 et seq., 2430 et

seq. Dkt. 1. ¶¶ 1–2. The same day plaintiffs lodged two proposed consent decrees with the court. Dkt. 3. The first consent decree is between the EPA, CARB, and Kohler (the "Federal Consent Decree"). Dkt. 3-1. The second decree is only between CARB and Kohler (the "State Consent Decree"). Dkt. 3-2. Together, the two proposed consent decrees resolve all claims alleged in the complaint against Kohler under the Clean Air Act and California law. Dkt. 3 at 2. As required by 28 C.F.R. § 50.7, the United States published notice of lodging with the court on February 5, 2020. 85 Fed. Reg. 6,576 (Feb. 5, 2020). Section 50.7 requires each proposed judgment, i.e., consent decree, to be lodged with the court thirty days prior to entry of judgment. Accordingly, plaintiffs filed their motions to enter the consent decrees on March 13, 2020. Dkts. 12, 13.

The Federal Consent Decree requires defendant to forfeit 3,062,090 kilograms (kgs) of EPA hydrocarbon plus nitrogen oxides ("HC + NOx") credits and 271,834.720 kgs of CARB HC + NOx credits. Federal Consent Decree ¶¶ 26–27. The decree also requires Kohler to implement several corporate compliance elements including an independent environmental regulatory compliance team, annual compliance training for engine division employees, an employee code of conduct and ethics hotline, and convene semiannual meetings with certain personnel to discuss compliance with applicable regulatory requirements. Id. ¶¶ 16–18. The decree further requires Kohler to conduct annual audits and implement an emission testing validation plan and to submit reports regarding compliance with this consent decree. Id. ¶¶ 19–20, 29. Finally, the Federal Consent Decree imposes a civil penalty of $20,000,000 which will be divided 80 percent to the United States and twenty percent to the State of California. Id. ¶¶ 10–13.

Under the State Consent Decree, Kohler is required to pay a civil penalty to CARB the sum of $200,000. State Consent Decree ¶ 10. The decree also requires Kohler to undertake a mitigation project whereby Kohler will provide zero-emission solar powered generators to low income residents in locations subject to public safety power shutoffs. Id. ¶ 14. The cost of the project will be no less than $1,800,000. Id. The decree also imposes conditions and reporting requirements on the mitigation project. Id. ¶¶ 15–25.

**DISCUSSION**

**A.    Legal Standard**

Courts may approve a proposed consent decree when it is "fundamentally fair, adequate and reasonable" and "conform[s] to applicable laws." United States v. Oregon, 913 F.2d 576, 580 (9th Cir. 1990). Courts consider consent decrees in light of the public policy favoring settlement. In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig., No. MDL 2672 CRB (JSC), 2017 WL 2214655, at *4 (N.D. Cal. May 17, 2017) (citing Sierra Club v. McCarthy, No. 13-cv-03953-SI, 2015 WL 889142, at *5 (N.D. Cal. Mar. 2, 2015)). "This policy is strengthened when a government agency charged with protecting the public interest 'has pulled the laboring oar in constructing the proposed settlement.'" United States v. Montrose Chem. Corp. of Cal., 50 F.3d 741, 746 (9th Cir. 1995) (quoting United States v. Cannons Eng'g Corp., 899 F.2d 79, 84 (1st Cir. 1990)). Generally, "a district court reviewing a proposed consent decree 'must refrain from second-guessing the Executive Branch.'" Id. (quoting Cannons Eng'g Corp., 899 F.2d at 84).

The court has a duty to ensure that the proposed consent decree is "both (1) the product of a procedurally fair process, and (2) substantively fair to the parties in light of a reasonable reading of the facts." Id. If the decree was the product of "good faith, arms-length negotiations" which were not collusive, it is "presumptively valid and the objecting party has a heavy burden of demonstrating the decree is unreasonable." Oregon, 913 F.2d at 581 (internal quotations omitted).

**B.    Analysis**

    **1.    Procedural Fairness**

Courts evaluate procedural fairness by "look[ing] to the negotiation process and attempt[ing] to gauge its candor, openness, and bargaining balance." Cannons Eng'g Corp., 899 F.2d at 86. Here, all parties were represented by counsel and defendant has not objected to the consent decrees. Mtn. at 7. The court finds that the consent decrees are procedurally fair.

### 2. Substantive Fairness

Substantive fairness means "a party should bear the cost of the harm for which it is legally responsible." Cannons Eng'g Corp., 899 F.2d at 87. Plaintiffs contend the consent decrees recoup civil penalties for past violations, imposes injunctive relief in the form of corporate compliance measures to prevent future violations, and ameliorates the negative effects of excess air pollution through the forfeiture of emissions credits. Mtn. at 8. Plaintiffs also contend that the consent decrees protect the public interest and are consistent with the Clean Air Act and the California Health and Safety Code. Id. Upon review of the strength of the allegations in the complaint, the terms of the consent decrees, and given the lack of opposition from defendant, the court agrees and finds the consent decrees to be substantively fair.

## CONCLUSION

For the foregoing reasons, plaintiffs EPA and CARB's motion to enter consent decree and plaintiff CARB's separate motion to enter consent decrees are GRANTED. The court will enter the consent decrees lodged with this court on January 30, 2020.

**IT IS SO ORDERED.**

Dated: April 6, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge